# Nixon *et al. v.* Wills Valley Mining and Manufacturing Company.

*Action to recover Damages for Breach of Appeal Bond.*

1. *Pleading and practice; sufficiency of complaint in action upon appeal bond.*—In an action to recover damages for the breach of an appeal bond, when the averred breach of the bond is the non-payment of "such costs and damages as the plaintiff has sustained by reason of said appeal," and other than by the alleged recitals in the condition of said bond, the complaint does not show what appeal is referred to, and it does not contain any averments showing that the present plaintiff was a party to the suit in which the said appeal bond was given, and there are no averments therein to show that the plaintiff bore such relation to the bond as he might, in a legal sense, be damaged by its breach, or that the alleged non-payment of costs, etc., would constitute a breach thereof, such complaint is insufficient to show a cause of action in plaintiff, and is subject to demurrer.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JNO. H. DISQUE.

This was an action brought by the Wills Valley Mining and Manufacturing Company against appellants, W. M. Nixon, Etowah Mining Company, G. W. Nixon, W. C. Brockway and W. H. Simmons.

In the complaint, "Plaintiff claims of the defendants the sum of five hundred dollars damages for the breach of the condition of an appeal bond executed by the defendant and payable R. A. D. Dunlap, register in chancery, on the 6th day of July, 1896, with the following conditions": There then follows the condi-

[Nixon *et al.* v. Wills Mining and Manufacturing Company.]

tion as expressed in said appeal bond, which recites that there was decree of the chancellor ordering the register, after retaining certain moneys out of the fund paid into his hands for the purpose of paying costs, commissions, etc., to pay the balance over to the Wills Valley Mining and Manufacturing Company, and that appeal was taken from this decree and that thereafter "If the said W. M. Nixon, trustee, and the Etowah Mining Company, should fail in said appeal and shall pay such judgment as the Supreme Court may render in the premises and all such costs and damages as any party aggrieved may sustain by reason of wrongful appeal and suspension of the execution of said decree, then the application to be void, otherwise to remain in full force and effect."

The complaint, after setting out this condition, then continues as follows: "Plaintiff avers that said bond has been broken in this, that the defendants did bind themselves to pay all costs and damages as any party aggrieved might sustain by reason of the wrongful appeal and suspension of the execution of said decree, and plaintiff avers that on the 20th day of May, 1897, the Supreme Court dismissed said appeal; that defendants have not paid any of such costs and damages as this plaintiff has sustained by reason of said appeal; that by reason of said appeal plaintiff has been damaged in the sum of five hundred dollars, hence this suit." To this complaint the defendant demurred upon the following, among other grounds: (3) "It does not aver such facts as show the plaintiff has suffered any damage by reason of the dismissal of such appeal.". The court overruled the demurrer interposed. The present appeal is prosecuted upon the judgment of the court overruling the demurrer, and rendition of such judgment is assigned as error.

BURNETT & CULLI, for appellant, cited *Steele v. Tutwiler*, 63 Ala. 368; *Jones v. Woodstock Iron Co.*, 99 Ala. 545; *Buck v. Carlisle*, 98 Ala. 580; *Babcock v. Carter*, 117 Ala. 575.

Hood & Murphree and Dorth & Martin, *contra*, cited *K. Hall v. Cit. Mut. Building Ass'n.*, 74 Ala. 539; *Bolling v. Tate*, 65 Ala. 417.

SHARPE, J.—The averred breach of the bond sued on is the non-payment of "such costs and damages as this plaintiff has sustained by reason of said appeal." Other than by the alleged recitals in the condition of the bond, the complaint does not show what appeal is referred to, nor does it contain any averment showing that the present plaintiff was a party to a suit of which the bond was an incident. Mere inferences which might be drawn from recitals in the bond cannot supply the lack of averment as to matters necessary to show a cause of action, as that the plaintiff bore such relation to the contract as that it might in a legal sense be damnified by its breach, or that the alleged non-payment of costs and attorney's fee, would constitute a breach. The complaint was subject to the third ground of demurrer. Until it is cured of its meagreness the discussion of other questions would be premature.

Reversed and remanded.